## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | Case No. 1:25:cr-257 |
| | § | |
| JAMES LAEL JENSEN | § | |
| MAXWELL STERLING JENSEN | § | |
| a/k/a "Max" | § | |
| KELLY ANNE JENSEN | § | |
| ZACHARY GOLDEN JENSEN | § | |

### DEFENDANT MAXWELL STERLING JENSEN'S MOTION FOR DISCLOSURE OF ELECTRONIC OR OTHER SURVEILLANCE

TO THE HONORABLE COURT:

Defendant Maxwell Sterling Jensen, through his counsel, Robert L. Guerra, Jr., files this Motion for Disclosure of Electronic or Other Surveillance and in support would respectfully show:

Pursuant to Rules 12(b)(3) and 12(b)(4)(B), 16 and 41 of the F. R. Cr. P Defendant hereby requests an Order compelling the Government to disclose the following:

1. Any and all voice records, tapes, mechanical or electronic recordings, pen register data, logs, records, memoranda, letters and airtels of an electronic or other surveillance:

   (a) Of any wire or oral communications to which any defendant was identified as a party;

   (b) Of any wire or oral communications at any place in which any defendant has an "interest" at the time of surveillance, "interest" meaning any property right or any other nexus of use and reasonable expectation of privacy;

   (c) Of any wire or oral communications intercepted for the purpose, in whole or in part, of gathering evidence which was directed at Defendant;

(d) Of any wire or oral communication in which Defendant is named or referred to;

(e) Of any wire or oral communication intercepted pursuant to warrant or application in which the Defendant's name appears, or which warrant or application was based upon investigatory memoranda or affidavit in which Defendant's name appears;

(f) Of any wire or oral communications at any place in which Defendant has been or was believed to be at the time of the surveillance.

2. Any and all actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters and airtels of any electronic or other surveillance of any oral wire communications set out in the above 1(a)-(f) as it relates to any co-defendants, including any unindicted co-conspirators.

3. Any and all actual voice records, tapes, memoranda, letters and airtels of any electronic or other surveillance of any wire or oral communications to which any attorney for Defendant or their agents or employees were a party, including any conversation at which said attorney or his or her agents or employees were present.

4. Any and all actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters and airtel of any electronic surveillance of any wire or oral communications allegedly to Defendant to which a party to that conversation may have consented to being recorded.

5. Any and all actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters and airtels of any electronic or other surveillance of any wire or oral communications which are arguably exculpatory under Brady vs.

Maryland, including those which would impeach or contradict the expected testimony of any government witness.

6. Any and all actual voice records, tapes, mechanical or electrical recordings, logs, memoranda, records, letters and airtels of any electronic or other surveillance of wire or oral communications such as those that are described in 1-5 to which surveillance revealed the existence of said conversations but not the contents.

7. As to any electronic or other surveillance set out in 1-6 for which there are not voice records, tapes, mechanical or electrical recordings, logs, memoranda, records, letters, or airtels, Defendant requests the names and addresses of the persons who conducted said surveillance or who have knowledge of said surveillance.

8. As to the requests set out in 1-7, any and all actual voice records, tapes, mechanical or electrical recordings, logs, memoranda, records, letters and airtels of any electronic or other surveillance of wire or oral communications undertaken by not only the U.S. Government, its agents and employees, but by any other governmental agency and by any private persons or corporations which may become known to the government.

9. As to the request for any electronic or other surveillance set out in 1-8 for which this Honorable Court might deny such request, then Defendant requests that the Court Order the Government to acknowledge whether or not same exist or were in existence, as well as the circumstances of same. By "circumstances" it is meant to include the date and place of the surveillance, who was present as said place, who conducted said surveillance, the duration of the surveillance and the manner in which it was conducted.

10. Any and all applications, affidavits, memoranda and other papers submitted in support of application for executive, administrative, judicial and executive orders, opinions and decisions responsive thereto or relating to the surveillance described.

11. Notice that the Government intends to use any or all of the actual voice records, tapes, mechanical or electrical recordings, logs, records, memoranda, letters and airtels of any electronic or other surveillance requested, or any evidence derived there from as evidence in its case in chief at trial.

Defendant hereby requests that the disclosure by the government pursuant to this Motion be ongoing in nature and that it entails not only the surveillance currently known by the government, but also includes those which could be become known by the exercise of due diligence.

## Certificate of Conference

Pursuant to S.D. Tex. Cr. LR 12.2, counsel for Maxwell Sterling Jensen attempted to confer with Assistant United States Attorney Laura Garcia, as to her position in this Motion and as of the time of this filing was unable to confer.

## Prayer

Defendant, therefore, respectfully requests that the Court grant this Motion. If the Court deems it necessary, Defendant requests the Court set a hearing to consider further evidence and arguments in this matter.

Respectfully submitted,

**LAW OFFICE OF ROBERT GUERRA, PLLC**

By: /s/ Robert L. Guerra, Jr.
1201 E. Van Buren St.,
Brownsville, Texas 78520
Ph. (956) 254-0694

**Robert L. Guerra, Jr.**
Federal ID No. 570991
State Bar No. 24036694
rguerra@rguerralaw.com
**ATTORNEY FOR DEFENDANT**
**MAXWELL STERLING JENSEN**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served via e-mail on this 15th day of May 2025 to the following:

| | |
|---|---|
| Ms. Laura Garcia<br>Assistant United States Attorney<br>United States Attorney's Office<br>600 E. Harrison, Rm 201<br>Brownsville, Texas 78520<br>Ph: (956) 548-2554<br>Email: laura.garcia@usdoj.gov | _____ Regular Mail<br>_____ Certified Mail, RRR<br>_____ Hand Delivery<br>_____ Facsimile<br>    X     Electronic Mail |

/s/ Robert L. Guerra, Jr.

ROBERT L. GUERRA, JR.