UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Courts
Southern District of Texas
FILED

MAY 2 2 2025

Nathan Ochsner
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § |
| | § |
| JAMES LAEL JENSEN | § |
| MAXWELL STERLING JENSEN | § |
| a/k/a "Max" | § |

CRIMINAL NO. B-25-257-S1

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### 18 U.S.C. § 1956(a)(1)(B)(i) and (h)
### (Money Laundering Conspiracy)

Beginning in or about May 10, 2022, and continuing up to and including the date of this Indictment in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

### JAMES LAEL JENSEN and
### MAXWELL STERLING JENSEN a/k/a "Max",

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, then well knowing that the financial transactions involved the proceeds of some form of unlawful activity, to wit: smuggling goods into the United States, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (h).

<u>COUNT TWO</u>
18 U.S.C. §§ 545 and 2
(Aid and Abet Smuggling Goods into the United States)

Beginning in or about May 10, 2022, and continuing up to and including the date of this Indictment in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN and
MAXWELL STERLING JENSEN a/k/a "Max",**

did fraudulently and knowingly receive, conceal, buy, sell and facilitate the transportation, concealment, and sale of merchandise imported contrary to law, that is Title 19 U.S.C. §§ 1202-1683g ("the Tariff Act") then knowing that said merchandise had been imported and brought into the United States contrary to law.

In violation of Title 18, United States Code, Sections 545 and 2.

<u>COUNT THREE</u>
18 U.S.C. §§ 542 and 2
(Aid and Abet Entry of Goods by means of False Statements)

Beginning in or about May 10, 2022, and continuing up to and including the date of this Indictment in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN and
MAXWELL STERLING JENSEN a/k/a "Max",**

did willfully and knowingly enter and introduce, and attempt to enter and introduce, into the commerce of the United States, imported merchandise, that is approximately two thousand eight hundred eighty-one (2,881) shipments of crude oil by means of a false and fraudulent invoice, declaration, affidavit, letter, paper, or by means of any false or fraudulent practice which falsely and fraudulently stated that the imported merchandise

2

was "waste of lube oils" and "petroleum distillates", whereas, in truth and fact, as defendants, well knew, the said imported merchandise contained crude oil.

In violation of Title 18, United States Code, Sections 542 and 2.

## COUNT FOUR
### 18 U.S.C. § 1957
### (Money Laundering Spending)

On or about May 17, 2024, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendant,

### JAMES LAEL JENSEN,

did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of monetary instruments, to wit: an Arroyo Terminals, LLC check made payable to South Texas Buick - GMC, such property having been derived from a specified unlawful activity, that is, smuggling goods into the United States.

In violation of Title 18, United States Code, Section 1957.

## COUNT FIVE
### 18 U.S.C. § 2339B
### (Conspiring to provide material support or resources to a designated foreign terrorist organization)

From on or about April 15, 2025, and to on or about April 23, 2025, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, Defendants,

### JAMES LAEL JENSEN and
### MAXWELL STERLING JENSEN a/k/a "Max",

did knowingly conspire and agree together to provide material support and resources, to wit: United States currency, to a foreign terrorist organization, namely, the Cártel de Jalisco Nueva Generación (CJNG), which was designated a foreign terrorist organization on February 20, 2025, knowing that the organization was a designated terrorist

3

organization, that the organization had engaged in and was engaging in terrorist activity and terrorism, and the defendants are United States nationals.

In violation of Title 18, United States Code, Sections 2339B.

## NOTICE OF CRIMINAL FORFEITURE
### [18 U.S.C. § 982(a)(1)]
### (Counts One and Four)

Pursuant to Title 18, United States Code, Section 982(a)(1), as a result of the commission of violations of Title 18, United States Code, Sections 1956 and 1957, as alleged in Counts One and Four of this Indictment, notice is given to the defendants,

**JAMES LAEL JENSEN and**
**MAXWELL STERLING JENSEN a/k/a "Max",**

that the defendants shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

## NOTICE OF CRIMINAL FORFEITURE

### [18 U.S.C. § 982(a)(2)(B); 19 U.S.C. § 1595a; 28 U.S.C. § 2461(c)]
### (Counts Two and Three)

Pursuant to Title 18, United States Code, Section 982(a)(2)(B), Title 19 United States Code Section 1595a, and 28 U.S.C. § 2461(c), as a result of the commission of violations of Title 18, United States Code, Sections 542 and 545, as alleged in Counts Two and Three of this Indictment, notice is given to the defendants,

**JAMES LAEL JENSEN and**
**MAXWELL STERLING JENSEN a/k/a "Max",**

that the defendants shall forfeit to the United States: (1) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a violation of Sections 542 and 545; (2) merchandise introduced into the United States in violation of Section 545, or the value thereof; (3) all vessels, vehicles, or other thing used in, to aid in, or to facilitate the importation, bringing in, unlading, landing, removal, concealing, harboring, or subsequent transportation of any article which is being or has been

4

introduced, or attempted to be introduced, into the United States contrary to law; and (4) any merchandise introduced, or attempted to be introduced, into the United States contrary to law.

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]
(Count Five)

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c), as a result of the commission of violation of Title 18, United States Code, Section 2339B, as alleged in Count Five of this Indictment, notice is given to the defendants,

**JAMES LAEL JENSEN and
MAXWELL STERLING JENSEN a/k/a "Max",**

that the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18 United States Code, Section 2339B.

**MONEY JUDGMENT**

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture for which the defendants may be jointly and severally liable. That amount is estimated to be, but is not limited to, approximately $300,000,000.00 in United States currency.

**PROPERTY SUBJECT TO FORFEITURE**

The property subject to forfeiture includes, but is not limited to, the following property:

1) All funds on deposit in Wells Fargo account xxxx7403 in the name of Arroyo Terminals, LLC;

2) All funds on deposit in Bank of America account xxxx2771 in the name of Big Hog Energy, LLC;

3) Tank Barge with vessel name of "AT 3001" and hull number 1083431;

5

4) Tank Barge with vessel name of "AT 2001" and hull number 1029676;

5) Tank Barge with vessel name of "AT 1001" and hull number 1094955;

6) Tank Barge with vessel name of "AT 4001";

7) 2015 Peterbilt 389 Tractor Truck, VIN# 1XPXD49XXFD260576, registered to Jentran, LLC;

8) 2020 Peterbilt 389 Tractor Truck, VIN# 2XPXD49X7LM706706, registered to Jentran, LLC;

9) 2020 Peterbilt 567 Tractor Truck, VIN# 1XPCD49X0LD649219, registered to Jentran, LLC;

10) 2023 Chevrolet Corvette Stingray, VIN# 1G1YB3D43P5118657, registered to Kelly Jensen;

11) 2024 GMC Sierra pickup truck, VIN# 1GT19XEY0RF374118, registered to Arroyo Terminals, LLC;

12) Real property and improvements located at 21076 North Reynolds Road, Rio Hondo, Cameron County, Texas with a legal description of:

Being a 12.69 acres tract of land consisting of the following vacated land per the Cameron County Commissioners Court Order #2007012047 and being all of "Park B", Lot 95, Lot 138, 2.64 acres of Lot 137, 0.36 acres of Lot 137 and 0.32 acres of Lot 136 of the "Rio Hondo Park Townsite and Small Acreage Residence Garden and Orchard Lots" as shown in Volume 2, Page I, of the Map Records of Cameron County, Texas. Said 12.69 acres tract being more particularly described and located as follows: Beginning at a nail set in the centerline of Reynolds Road [40 foot wide platted road] [an apparent 80 foot wide right-of-way] for the southeast corner of said lot 95, thence, South 88°55'00" West, at a distance of 40.00 feet to an iron rod set at the apparent west right-of-way, a total distance of 766.60 feet to an iron rod set in the centerline of a 40 foot wide platted road right-of-way (no apparent roadway improvements] for the southwest corner of said lot 95; Thence, South 1°05'00" East along the east line of said Lot 137, a distance of 147.74 feet to an iron pin set for a corner. Thence, South 88.55'25"00 West, a distance of 581.02 feet to an iron rod set near the high bank of the Arroyo Colorado for a corner; Thence, South 54°50'25" East, a distance of 64.95 feet to an iron pin set for a corner; Thence, South 1°07'25" West, 11 distance of 184.43 feet to a corner; Thence, South 9°02'58" East, a distance of 98.74 feet for a corner; Thence, South 26°30'29" East, a distance of 45.94 feet to an iron pin set in the South line of said Lot 136 for a corner;

Thence, South 88°5S'00" West to a point in the west line of said Lot 136, a distance of 41.46 feet for a corner; Thence, along the west line of Lots 136, 137, 138 and Park "B" the following courses; North 9°49'00" West, a distance of 28.43 feet for a corner; Thence, North 26°21'23" West [recorded North 26°22 West, 221.78], a distance of 222.l0 feet for a corner; Thence, North 10°39'00" West, a distance of 182.20 feet for a corner; Thence, North 1°00'00" West, at a distance of 101.1 feet an iron rod set for the northwest corner of said Lot 137, at an additional 234.1 feet an iron rod set for the northwest corner of said Lot 138, a total distance of 435.20 feet to a concrete monument found for the northwest corner or Park "B"; Thence, North 88°55.'00"·East, a distance of 300.00 feet to an iron pin set for the northeast corner of said Park "B"; Thence, South l'00'00" East, a distance of 50.00 feet to an iron pin set in the centerline of a 40- foot road easement and a corner of Lot 138; Thence, North 88°55'00" East, a distance of 1,099.25 feet to an iron rod set in the apparent west right-of-way of Reynolds Road, a total distance of 1139.25 feet to a nail set in the centerline or Reynolds Road for the northeast corner of said Lot 95; Thence, South 1 05'00" East, a distance of 284.10 feet to the Point of Beginning; Said described tract containing 12.69 69 acres [552,827 square feet], more or less.

13) Real property and improvements located at 13357 S. Lake Forrest Dr., Draper, Salt Lake County, Utah with a legal description of:

All of Lot 614, contained within Bellevue Phase 6A, a Planned Community, as the same is identified in the Plat Map recorded in Salt Lake County, Utah, as Entry No. 10948958, in Book 201 OP, at Page 81, of the official records of the county recorder of Salt Lake County, Utah (as said Record of Survey Map may have heretofore been amended or supplemented) and in the Declaration of Covenants, Conditions and Restrictions of Bellevue, a Planned Community, recorded in Salt Lake County, Utah, as Entry No. 9140466, in Book 9023, at Page 4303, of the official records of the county recorder of Salt Lake County, Utah (as said Declaration may have heretofore been amended or supplemented), together with an undivided percentage of ownership interest in the Association.

14) Real property and improvements located at 11177 Eagle View Drive, Sandy, Utah and legally described as:

Lots 22, 23, 24 of Lost Canyon Estates, according to the official plat thereof, recorded in Book 94-95 of plats at 125, records of Salt Lake County, State of Utah.

15) Real property and improvements located at 15 Reed Drive, Jackson, Wyoming and legally described as:

Lot 53 of the Owl Creek Subdivision of Teton County, Wyoming according to that Plat recorded in the office of the County Clerk, Teton County, Wyoming on December 5, 1991, as Plat No. 736.

16) Approximately 28,620 barrels of crude oil.

17) Approximately 24,000 barrels of crude oil.

18) Approximately 28,000 barrels of crude oil.

## SUBSTITUTE ASSETS

Defendants are notified that, in the event that the property that is subject to forfeiture, as a result of any act or omission of any defendant:

(1)    cannot be located upon exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third party;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value; or,

(5)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

NICHOLAS GANJEI
UNITED STATES ATTORNEY

MICHAEL HESS
ASSISTANT UNITED STATES ATTORNEY

8