IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | CRIMINAL NO. 1:25-cr-257 |
| § | |
| JAMES LAEL JENSEN § | |
| MAXWELL STERLING JENSEN § | |
| a/k/a "Max" § | |

**DEFENDANTS JAMES LAEL JENSEN AND MAXWELL STERLING JENSEN'S MOTION TO SUPPRESS ILLEGAL SEARCHES AND SEIZURES AT ARROYO TERMINALS**

TO THE HONORABLE COURT:

Defendants James Lael Jensen ("**James Jensen**") and Maxwell Sterling Jensen ("**Max Jensen**") (together, the "**Jensens**" or "**Defendants**") file this Motion to Suppress Illegal Searches and Seizures at Arroyo Terminals and would respectfully show:

## I.   INTRODUCTION

As part of the discovery process, the Government has produced investigative reports describing several meetings between investigative agents and a cooperating "Source of Information" who was later identified as an employee of Arroyo Terminals, Ms. Gloria Moreno ("**Moreno**" or "**SOI**").

Prior to this motion, the Defense filed motions to compel the Government to produce additional reports, recordings, and other information regarding the assistance provided to the Government by Moreno. *See* ECF Nos. 167, 168. Those motions remain pending.

From the reports that were provided, however, it is evident that while employed and after her employment by Arroyo Terminals, Moreno was actively assisting the investigative agents, including by accessing, searching and taking property belonging to Arroyo Terminals or its owner,

including, among others, financial records and computer files. Moreno then turned over the materials she had misappropriated to the investigative agents, who then discussed and apparently directed her on what additional items they would like her to produce. All of this was done without knowledge or consent of Arroyo Terminals and without a warrant.

It is black letter law that the Government "cannot use private individuals as agents to circumvent Fourth Amendment protections." *United States v. Cordova-Espinoza*, 49 F.4th 964, 968 (5th Cir. 2022) (discussing test for determining agency). Here, that is precisely what happened. Moreno was encouraged, assisted, and directed by the investigative agents. Instead of seeking to obtain a warrant, the agents simply received the "bounty" from her unlawful actions. Any and all evidence obtained by the Government from Moreno while she was acting as such an "instrument" of the Government must be suppressed. The same is true for any evidence subsequently obtained as a result of the illegal search and seizures.[1]

## II.     RELEVANT FACTUAL BACKGROUND

**September 5, 2024** – Investigative agents from the Department of Homeland Security, Homeland Security Investigations ("**HSI**"), Drug Enforcement Administration ("**DEA**"), and Federal Bureau of Investigation ("**FBI**") met with Moreno. *See* October 9, 2024 HSI Report by HSI SA De la Cruz.[2] It is not clear from the Report (which was partially redacted) how this meeting was arranged or when Moreno was officially identified as a "Source of Information." During the meeting, Moreno described that Arroyo Terminals purchases and imports "waste oil" from

---

[1] The Government has not produced any search warrant affidavits in this case, so it is currently unclear if any of the improperly obtained information from Moreno taints other searches and seizures in this case. The Defense has filed a motion to compel the production of all search warrants, affidavits, and returns and reserves the right to challenge such seizures on any and all bases. *See* ECF No. 166. That motion remains pending.

[2] If requested, Defendants will file the reports referenced in this motion, under seal or with redactions if necessary. These reports detail interactions with a person identified only as a "Source of Information," but context in the reports and other documents indicate that the reports refer to Moreno.

Mexico. Moreno then provided information, among other topics, about: (1) alleged spills of oil occurring on the property; (2) interactions with the Jensens; (3) background and other information about other Arroyo Terminals employees; (4) certain Arroyo Terminals customers; and (5) certain financial transactions. During this interview, Moreno explained that she had recently resigned from Arroyo Terminals when she thought certain conduct was "out of the norm." *Id.* at 2.

**October 8, 2024** – A "follow-up" interview of Moreno was conducted by HSI, DEA, and FBI agents. *See* December 12, 2024 HSI Report by HSI SA Arnold. This report does not specify how this "follow-up" meeting was arranged or the details and background of this meeting. Moreno provided the agents a "USB flash drive" that Moreno expressly informed the agents was obtained by her during her employment at Arroyo Terminals. *Id.* at 2 ("The documents were saved to a flash drive for the purpose of being able to work from office at the terminal while also at home."). Moreno showed the agents the contents of the USB drive, which apparently included voluminous, organized and categorized files. Moreno then informed the agents that she still had access to the QuickBooks accounting system of Arroyo Terminals and then discussed certain contents of that system with the agents.

**January 10, 2025** – Another interview of Moreno was conducted by HSI, DEA, and FBI agents. *See* April 8, 2025 HSI Report by SA De la Cruz. Moreno disclosed other information learned during her employment including information from QuickBooks files she kept and continued to access after her employment.

**April 22, 2025** – Agents contacted Moreno, who provided agents with financial records, wire confirmations, receipts, tickets, purchase orders, and other business records she obtained from Arroyo Terminals. *See* April 23, 2025 HSI Report by SA De la Cruz.

### III.     ARGUMENT

**A. Moreno was Acting as an Agent for The Government and Violated the Defendants' Fourth Amendment Rights by Conducting Warrantless Seizures**

A wrongful search or seizure by a private party generally does not violate the Fourth Amendment. *See United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (explaining that the Fourth Amendment "proscribes only government action"). However, it is equally well established that the "Government cannot use private individuals as agents to circumvent Fourth Amendment protections." *Cordova-Espinoza*, 49 F.4th at 968.

The Fifth Circuit recently addressed the test to determine whether a private citizen acted as an agent of the government for Fourth Amendment purposes. In *Heidi Group, Inc. v. Texas Health and Human Services, Comm'n*, 138 F.4th 920, 931-33 (5th Cir. 2025), the Court recognized that there have been two distinct tests utilized in the Fourth Amendment agency analysis: (1) the *Miller* test from *United States v. Miller*, 688 F.2d 652 (9th Cir. 1982); and (2) the *Bazan* test derived from *United States v. Bazan*, 807 F.2d 1200 (5th Cir. 1986).

The *Miller* test is a two-factor test: (1) whether the government knew or acquiesced in the challenged activity; and (2) whether the private party intended to assist law enforcement or to further her own ends. *See Miller,* 688, F.2d at 657.

The *Bazan* test overlaps some with the *Miller* test but focuses on three factors: (1) whether the Government offered any compensation to the private party; (2) whether the Government or the private party initiated the search or seizure; and (3) whether the Government had specific knowledge of the private party's intent to perform a search or seizure. *See Bazan*, 807 F.2d at 1204.

To date, the Fifth Circuit has not decided which test applied in this circuit. *See Cordova-Espinoza*, 49 F.4th at 969 ("[W]e have applied both tests in the past but have not formally adopted one to the exclusion of the other. We need not resolve this disagreement because we affirm the

judgment of the district court under either of the tests"). The *Heidi* court declined to formally adopt either test when finding the private party in that case as acting as a government agent under both tests. *See Heidi*, 138 F.4th at 932 (citing 1 Wayne R. Lafave, Search and Seizure: A Treatise on the Fourth Amendment §1.8(b) (6th ed.) ("Quite clearly, a search is not private in nature if it has been ordered or requested by a government official.")).

Applying the factors from the *Miller* and *Bazan* test to Moreno demonstrates that she became an agent for the Government. First, the investigative reports show that the Government both knew of and acquiesced in Moreno searching the Arroyo Terminals business records, computers, and USB drives. It is equally clear that Ms. Moreno did so precisely to assist the law enforcement agencies (as opposed to furthering her own ends). The reports show that in each subsequent meeting, Moreno would provide additional information, records, and documents from Arroyo Terminals to the agents, which they welcomed, discussed, and apparently relied upon in their investigation. It is unclear from the reports provided if the Government compensated Moreno or if she was given an oral or written non-prosecution agreement, so that factor from the *Bazan* test will need to be clarified by additional discovery or an evidentiary hearing. Finally, it is evident that the Government knew Moreno was going to search the records, computer files, and business documents of Arroyo Terminals. Indeed, the Government appears to have requested specific documentation from her. These facts and circumstances show under both the *Miller* and *Bazan* tests that Moreno was acting as an agent for the Government, and her warrantless searches and seizures therefore violated the Fourth Amendment.

The Government team should have prepared a search warrant affidavit, presented the warrant for judicial review and approval, and followed clear constitutional guidance before

conducting these warrantless searches and seizures. There were no exigencies or other exceptions to the warrant requirement.

As a result, the remedy for the warrantless searches and seizures performed by Moreno is clear: any and all evidence she turned over to the Government and any evidence obtained directly or indirectly as a result of such evidence must be suppressed.

## IV.    REQUEST FOR EVIDENTIARY HEARING

As stated herein, the Defense is currently seeking to compel more information concerning Moreno's relationship with the Government. *See* ECF No. 168. While the discovery produced to date establishes the agency relationship, if the Government contests such agency, or if the Court determines that any further facts would be helpful or necessary for the analysis, the Defense respectfully requests the opportunity for an evidentiary hearing and to compel the attendance of Moreno at such hearing to be examined under oath.

## PRAYER

For the reasons stated herein, Defendants James Lael Jensen and Maxwell Sterling Jensen respectfully request that the Court grant this Motion to Suppress.

DATED: November 18, 2025.

                                                          Respectfully submitted,

By:    */s/ Jason M. Davis*
           Jason M. Davis
           **Attorney-in-Charge**
           State Bar No. 00793592
           Southern District ID No. 20114
           E-mail: jdavis@dslawpc.com
           H. Jay Hulings
           State Bar No. 2404573
           Southern District ID No. 3472684
           E-mail: jhulings@dslawpc.com
           **DAVIS & SANTOS, PLLC**
           719 S. Flores Street

        San Antonio, Texas  78204
        Tel:  (210) 853-5882
        Fax:  (210) 200-8395

***Attorney for Defendant***
***James Lael Jensen***

By:    */s/ Robert Guerra*
       Robert Guerra
       State Bar No. 24036694
       Federal ID No. 570991
       Email: rguerra@rguerralaw.com
       **LAW OFFICE OF ROBERT GUERRA, PLLC**
       1201 E. Van Buren St.
       Brownsville, Texas 78520
       Tel: (956) 254-0694

       Benigno (Trey) Martinez
       State Bar No.00797011
       Federal ID No. 23945
       Email: trey@mbmtlawfirm.com
       **MARTINEZ/TIJERINA, PLLC**
       1201 E. Van Buren
       Brownsville, TX 78520
       Tel: 956.550.4868
       Fax: 956.621.0135

***Attorneys for Defendant***
***Maxwell Sterling Jensen***

## CERTIFICATE OF CONFERENCE

    I certify that on the 14th day of November 2025, counsel for Defendants conferred with counsel for the Government, and an agreement could not be reached on the disposition of this motion.

                                 */s/ Jason M. Davis*
                                 Jason M. Davis

## **CERTIFICATE OF SERVICE**

    I certify that on the 18th day of November 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

                                                      */s/ Jason M. Davis*
                                                      Jason M. Davis